**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| SUCRÉ, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| ROBERT SHEA, an individual; and | § | |
| DEVIL IN AN APRON, INC., a California | § | |
| Corporation, both d/b/a "Sucre 7" | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.

Plaintiff, SUCRÉ, LLC ("Plaintiff" or "Sucré"), by and through undersigned counsel, files its Original Complaint ("Complaint") against ROBERT SHEA and DEVIL IN AN APRON, INC. ("Defendants") -- who are collectively operating and doing business as "Sucre 7" --  and alleges as follows:

## JURISDICTION AND VENUE

2.

This is a civil action arising under the laws of the United States Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §§ 1051 et. seq.  Subject matter jurisdiction in this Court over these causes of action is proper pursuant to the Lanham Act, 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over counts 1-3 pursuant to 28 U.S.C. § 1338(b) and on the basis of supplemental jurisdiction.

3.

Personal jurisdiction over Defendants is proper because Defendants have committed acts of trademark infringement and unfair competition on a nationwide scale and in this District via an interactive virtual storefront located at <sucre7.com>, which had effect within the State of Louisiana and within this Judicial District.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the acts alleged herein have substantially occurred within this District and the claims asserted substantially arise in this District.

**THE PARTIES**

5.

Plaintiff, Sucré, is a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana and its principal presence on the Internet at <shopsucre.com>.

6.

Upon information and belief, Defendant, Devil in an Apron, is a California corporation with a physical place of business in Rocklin, California, and with its principal presence on the Internet via an interactive storefront at <sucre7.com>.

**NATURE OF THE ACTION**

7.

Plaintiff seeks injunctive relief, lost profits, restitution, damages and attorneys' fees for Defendants acts of trademark infringement, unfair competition and related claims under the

United States Trademark (Lanham) Act of 1946, 15 U.S.C. §§ 1051 et seq. (as amended) and Louisiana law as a result of Defendants use of the designation, SUCRÉ (and variations thereof), in connection with advertising and sale of candy, chocolate and other confections.

## FACTS AND GENERAL ALLEGATIONS

8.

Since 2006, Plaintiff, Sucré, has marketed and provided candy, chocolate, exotic teas and unique culinary confections to consumers under the designation, SUCRÉ (used singularly, the SUCRÉ Mark). Plaintiff established a prominent brick and mortar storefront and restaurant located at 3025 Magazine Street in New Orleans where customers may enjoy delights such as breakfast pastries, cakes and deserts, artisanal chocolates, French macaroons, confections, nuts, gelato and sorbets and coffee and teas. Plaintiff's French macaroons have enjoyed much notoriety and have been spotlighted in national circulations such as, *O Magazine, Modern Wedding Cakes*, and *Paula Dean's Best Desserts*. Plaintiff also promotes its emporium of "artisan" sweets via its very successful catering business, which includes the production of wedding and specialty cakes.

9.

In addition to its brick and mortar storefront, Plaintiff aggressively promotes its brand and presence via a virtual Internet storefront at <shopsucre.com>. Plaintiff's virtual storefront allows customers to order Plaintiff's products, which arrive in specialty packaging, and stay abreast of Plaintiff's newest culinary creations. Further, visitors to Plaintiff's virtual storefront can watch its delicious French Macaroons being made in its New Orleans-based confections studio. A visitor to Plaintiff's virtual storefront can experience the culinary delight, attention to

detail, and unique culture that has become synonymous with the SUCRÉ brand.   Representative examples of Plaintiff's use of the SUCRÉ Mark are attached as Exhibit 1.

10.

In connection with each of its products and services, Plaintiff prominently uses its SUCRÉ mark, and has spent substantial time, effort, and money over the years to ensure that consumers associate the SUCRÉ mark exclusively with Plaintiff.   Plaintiff routinely polices its valuable goodwill in its name and SUCRÉ mark, and has applied for and registered numerous SUCRÉ marks in the United States Patent and Trademark Office ("USPTO") including:

| Mark | Registration No. | Issue Date | Goods |
|---|---|---|---|
| | 3633298 | June 2, 2009 | Restaurant services, featuring specialty desserts and catering services featuring specialty desserts. |
| | 3624819 | May 19, 2009 | restaurant services, namely, restaurants featuring specialty desserts and catering services featuring specialty desserts. |
| | 3780191 | April 27, 2010 | Restaurant services |
| SUCRÉ | 3626492 | May 26, 2009 | Restaurant and catering services; Restaurant services featuring sandwiches |

Each of the aforementioned registrations is currently valid, subsisting and in full force and effect, and is registered on the Principal Trademark Register of the USPTO.  (Hereinafter, the foregoing names and other marks owned, used, or registered by Sucré shall be referred to <u>collectively</u> as the "SUCRÉ Marks").

11.

The SUCRÉ Marks have been extensively used by Sucré in United States interstate commerce in connection with advertising and promotion of Sucré products and services on Sucré Web site on the Internet at <shopsucre.com>, in newspapers, consumer magazines, and on television and radio.  Such names and marks are also prominently featured throughout Sucré's retail establishment and on its products.

12.

As a result of the care and skill exercised by Sucré in the marketing and promotion of its restaurant services and products sold in connection with the SUCRÉ Marks, the supervision and control exercised by Sucré over the nature and quality of these products and services, and the extensive advertising, sale and public acceptance thereof, the SUCRÉ Marks have acquired strong secondary meaning symbolizing the immense goodwill that Sucré has created in the United States.  The SUCRÉ Marks are exclusively associated with Sucré, and its products and services and have acquired consumer recognition in the minds of the purchasing public.  The SUCRÉ Marks serve uniquely to identify Sucré's products and services and act as indicators of source.

13.

As a result of the time, effort and money invested in its business, and the quality of its goods and services, Sucré has achieved a reputation for excellence and enjoys a demand for its

products and services.  Moreover, the SUCRÉ Marks enjoy tremendous goodwill and have become assets as symbols of Sucré's products and services.

14.

Defendants, without permission or authorization from Sucré, made use of the SUCRÉ Mark in connection with the marketing and offering for sale of chocolates, chocolate candies, cookies, French macaroons and assorted pastries and candy, thereby engaging in trademark infringement, unfair competition under federal and Louisiana state law.

15.

Specifically, on information and belief, after Sucré's first use of the SUCRÉ Marks, Defendants adopted and commenced use of the trade name, trademark, and service mark SUCRÉ 7 and created, registered and maintained the domain name <sucre7.com> without the permission or authorization of Plaintiff.  Representative examples of Defendants unauthorized use are attached hereto as Exhibit 2.  Defendant describes its business on its Web site, available at <sucre7.com> as providing whimsical confections made with the finest quality ingredients. Customers may also order chocolates, chocolate candies, cookies, French macaroons via Defendants' Web site.

16.

Prior to filing this litigation, Sucré twice placed Defendants on notice of its prior trademark rights in and to the SUCRÉ Marks and demanded that Defendants cease its infringing activities.  Written correspondence to Defendants is attached as Exhibit 3.   Plaintiff's response to same is attached as Exhibit 4.

17.

Despite Sucré's communications putting Defendants on express notice of its prior and exclusive rights in and to the SUCRÉ Marks, on information and belief, Defendants knowingly continue to use the name and mark SUCRÉ 7 and the domain name <sucre7.com> on or in connection with the marketing and offering for sale of chocolates, chocolate candies, cookies, French macaroons and assorted pastries and candy.

18.

The parties respective trademarks, trade names, domain names and services are substantially similar in that Defendants utilize the designation SUCRÉ as an important element of its trade name and trademark in connection with goods and services marketed and sold through similar channels of trade as those of Sucré's goods, including via the Internet.  Such use infringes the SUCRÉ Marks and misappropriates the goodwill for which Plaintiff has expended time, labor, and money and that Plaintiff has diligently created over time.

19.

Sucré has no control over Defendants' business, products or services, and has not approved of their quality, nature or content.  Further, Sucré has never entered into any licensing agreement or other business venture with Defendants, nor has Sucré authorized Defendants to use the SUCRÉ Marks or any variant thereof in any manner.

20.

Defendants unauthorized use of the SUCRÉ Marks is likely to confuse, mislead and deceive consumers as to the source or sponsorship of Defendants' goods and services and/or as

to an affiliation or relationship between Sucré and Defendants.  Such confusion and lack of control threatens to irreparably injure Sucré's business reputation, goodwill and marks.

## FIRST CAUSE OF ACTION
**(Federal Trademark Infringement – 15 U.S.C. § 1114(a))**

Sucré realleges and incorporates by reference the allegations of Paragraphs 1 through 20 of the Complaint as set forth above.

21.

Sucré owns prior trademark rights in and to its SUCRÉ Marks and has priority over Defendants because Plaintiff's use and registration of its SUCRÉ Marks preceded Defendants impermissible use of the name and mark SUCRÉ 7 and <sucre7.com> or any variant thereof.

22.

Defendant's wrongful adoption and use of the name and mark SUCRÉ 7 and <sucre7.com> or any variant is likely to cause confusion, mistake or to deceive consumers as to sponsorship, authorization, or permission because consumers are likely to mistakenly believe that Defendants' products or services are sold, rendered, authorized or permitted by or connected, affiliated or related to Sucré.

23.

Defendants unauthorized adoption and use of colorable imitations of the SUCRÉ Marks, as alleged herein, capitalizes on the goodwill and reputation of Sucré and the SUCRÉ Marks and

constitutes trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

24.

As a proximate result of the acts of Defendants as alleged herein, Sucré has suffered damage to its business, goodwill, reputation, and profits, while Defendants profited from its wrongdoing at Sucré's expense.

25.

Sucré has no adequate remedy at law for the infringement of its trademarks as alleged herein.  Unless Defendants are permanently enjoined by the Court, Sucré will continue to suffer irreparable harm.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

Sucré realleges and incorporates by reference the allegations of Paragraphs 1 to 20 of the Complaint as set forth above.

26.

Without Sucré's consent, Defendants have created a false designation of origin of its services by using copies or colorable imitations of the SUCRÉ Marks in interstate commerce in connection with the marketing and offering for sale of chocolates, chocolate candies, cookies, French macaroons and assorted pastries and candy causing a likelihood of confusion, mistake and deception as to the characteristics, qualities or origin of, and also causing a likelihood that customers would believe that Defendants' services are associated with, sponsored by or approved by Sucré, when they are not.

27.

Defendants' actions, as outlined herein, constitute unfair competition, false designation of origin, false or misleading description or representation of fact, trademark infringement and/or false advertising, which is likely to cause consumer confusion or deceive consumers as to the nature and quality of the goods, all in violation of Section 43(a) of the Lanham Act., 15 U.S.C. § 1125 (a).

28.

On information and belief, such acts of the Defendants were done willfully, with actual or constructive notice of Sucré's marks and/or an intent to trade on Sucré's reputations, to falsely suggest a connection and/or to cause confusion with Sucré.

29.

As a proximate result of the acts of Defendants as alleged herein, Sucré has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Defendants are profiting at Sucré's expense. Sucré has no adequate remedy at law for this unfair competition. Unless Defendants are permanently enjoined by the Court, Sucré will continue to suffer irreparable harm.

### THIRD CAUSE OF ACTION
**(Trademark Infringement and Unfair Competition –Louisiana Law)**

Sucré realleges and incorporates by reference the allegations of Paragraphs 1 through 20 of the Complaint as set forth above.

30.

Sucré is informed and believes, and alleges that by reason of the foregoing acts, Defendants have intentionally caused a likelihood of confusion among the purchasing public in this District and elsewhere, and deriving unlawful gains, profits and advantages from its infringements thereby unfairly competing with Sucré in violation of La. R.S. § 51:222.

31.

Defendants infringing use, as described above, has impaired, is impairing and, unless enjoined by this Court, will continue to impair Sucré's reputation as accrued under the SUCRÉ Marks, and has caused, is causing, and will continue to cause injury and damage to Sucré, which is presently indeterminate, but for which Sucré is entitled to relief under the law of the state of Louisiana.

32.

Sucré has no adequate remedy at law against this trademark infringement.   Unless Defendants are enjoined by the Court, Sucré will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

Sucré prays for judgment against Defendants as follows:

(1)   that Defendants, its officers, agents, servants, employees, and/or representatives, and all other persons, firms or corporations in active concert or participation with Defendants, be permanently enjoined and restrained from:

(a)      all use, in any manner or form, of the designation, SUCRÉ and the domain, <sucre7.com> or any variant or any colorable imitations thereof that is likely to cause consumer confusion;

 (b)      making any false or misleading representation of fact concerning the source, nature, quality, or characteristics of its business, products or services bearing, using, or advertised or sold by Defendants under or in connection with the SUCRÉ Marks or any marks confusingly similar thereto;

(c)      doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Defendants' products/services, as to the source, nature, composition, or quality of products and/or services created, developed, produced, distributed, marketed, advertised, promoted, sold, or offered for sale by Defendants, or likely to deceive members of the public or the trade, or prospective purchasers, into believing that there is some affiliation or connection between Defendants and Sucré or that Defendants' products and/or services are being created, developed, manufactured, distributed, marketed, advertised, promoted, sponsored, offered for sale, or sold by Sucré or with Sucré's authorization, consent, approval or permission;

(2) that Defendants, pursuant to 15 U.S.C. § 1118, shall be ordered to deliver up for destruction all products, accessories, components, parts, labels, signs, prints, wrappers, receptacles, articles, advertisements, promotional materials, tools, clothing, equipment, business cards, invoices, letterhead, literature or any other item in its possession or control bearing the term SUCRÉ or any variants thereof or any name or mark confusingly similar thereto;

Defendant shall be ordered to eliminate any signage from any fixed structure and to immediately remove or cause to be removed any and all content and usage of a trademark or trade name utilizing the word SUCRÉ on any Web site or domain name owned by Defendants or an affiliate; relinquish any Internet advertisement  purchased by Defendants or any affiliate for the word SUCRÉ; and instruct Defendants' Web domain designers and providers to remove immediately <sucre7.com> from access via the Internet;

(3) that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Sucré within thirty days after entry of the injunction a report in writing under oath, setting forth in detail the manner and form in which they have complied with the injunction;

(4) that Sucré recover its damages sustained as a result of Defendants' wrongful actions;

(5) that Sucré recover Defendants' revenues made as a result of Defendants' wrongful actions;

(6) that Sucré recover three times Defendants' profits made as a result of Defendants' wrongful actions, or three times Sucré's damages, whichever is greater;

(7) that this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendants be ordered to reimburse Sucré for its reasonable attorneys' fees;

(8) that Sucré recover its costs of court; and

(9) that Sucré recover all such further relief to which it may be entitled.

Respectfully submitted,

**KELLY, STACY & RITA LLC**


*s/William J. Kelly III*
William J. Kelly III
Louisiana Bar No.:21662
1401 17th Street, Suite 925
Denver, CO 80202
wkelly@kellystacylaw.com

***Attorneys for SUCRÉ, LLC***